## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **TEDIKEYA MCFADDEN** | : | **No. 15-376-4** |

## MEMORANDUM

PRATTER, J.                                                            JULY 6, 2021

Tedikeya McFadden, proceeding *pro se*, moves for reconsideration of the Court's January 6, 2021 Memorandum and Order, which denied her motion for compassionate release. The Government opposes. For the reasons that follow, the Court denies Ms. McFadden's motion for reconsideration.

### BACKGROUND

Ms. McFadden was part of a large-scale drug trafficking organization for over five years that brought large quantities of cocaine and marijuana to the Philadelphia area. Ms. McFadden was charged in a superseding indictment in May 2016 with several drug-related offenses and conspiracy to commit money laundering. Ms. McFadden pled guilty, pursuant to a written plea agreement. At her sentencing hearing, the Court found that Ms. McFadden was subject to an advisory sentencing guideline range of 188 to 235 months' imprisonment. The Court imposed a 188-month sentence. Ms. McFadden is currently serving her sentence at FCI Danbury with an anticipated release date of February 2029.

Ms. McFadden previously filed a *pro se* motion for compassionate release stating that she suffers from several conditions, including hypothyroidism, kidney malfunction, and G6PD (glucose-6-phosphate dehydrogenase deficiency). Ms. McFadden also filed a subsequent motion for compassionate release, which reiterated her original motion, and asked the Court to also

1

consider the situation at FCI Danbury and Ms. McFadden's body mass index. Ms. McFadden argued that these conditions, and the way in which FCI Danbury was handling the COVID-19 pandemic, warranted her early release.

The Government opposed Ms. McFadden's motion, arguing that she had not been diagnosed with any condition that presented a high risk factor for COVID-19 per guidance from the Centers for Disease Control and Prevention (CDC). The Court found that Ms. McFadden had failed to show extraordinary and compelling reasons to justify her early release. Based on her most recent medical records at that time, she had a BMI of 27.6, and the Court noted that CDC guidance for overweight individuals, those with a BMI between 25 and 30, stated that those individuals "might be at an increased risk" for complications from COVID-19 but there was limited data and information. *United States v. McFadden*, No. 15-cr-376-4, 2021 WL 65481, at *5 (E.D. Pa. Jan. 6, 2021). The Court found that this did not represent an extraordinary and compelling reason for compassionate release, nor did Ms. McFadden's other conditions. Further, the Court found that an early release would not align with the 18 U.S.C. § 3553(a) factors. Thus, the Court denied her motion for compassionate release.

## LEGAL STANDARD

"[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not [previously] available . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Motions for reconsideration are granted sparingly because "[f]ederal courts have a strong interest in the finality of judgments." *Roofers*

*Local No. 30 Combined Pension Fund v. D.A. Nolt, Inc.*, 719 F. Supp. 2d 530, 554 (E.D. Pa. 2010), *aff'd*, 444 F. App'x 571 (3d Cir. 2011).

<h3 style="text-align:center">DISCUSSION</h3>

In her motion, Ms. McFadden urges the Court to reconsider its earlier decision because COVID-19 and the situation at FCI Danbury represent a "mortal danger" to her health and because her BMI has increased to 30.5 since the Court's denial of Ms. McFadden's motion for compassionate release. Ms. McFadden also underscores that she still suffers from hypothyroidism, iron deficiency, and a type of urinary tract infection that causes kidney disease. Notably absent from her motion, however, and as described in greater detail below, is the fact that Ms. McFadden has now been fully vaccinated against COVID-19.

The Court does not take lightly the challenges that COVID-19 poses. However, as the Court explained in its earlier memorandum, the Bureau of Prisons ("the BOP") has adopted stringent measures to combat the effects of the COVID-19 pandemic as to inmates and staff members. This year, the BOP has also been administering COVID-19 vaccines throughout its facilities, with almost 200,000 total doses administered.[1]

FCI Danbury currently houses 931 inmates. *See FCI Danbury*, Federal Bureau of Prisons, available at https://www.bop.gov/locations/institutions/dan (last visited July 6, 2021). As of July 6, 2021, there are currently zero COVID-positive inmates and zero COVID-positive staff members at FCI Danbury.[2] During the pandemic, 155 inmates and 83 staff members at FCI Danbury have

---

[1]     This data is current as of July 6, 2021, according to the BOP website, available at https://www.bop.gov/coronavirus.

[2]     *Id.*

recovered from COVID-19; one inmate has died.[3]  Additionally, 565 inmates and 180 staff members at FCI Danbury have now been fully vaccinated against COVID-19.[4]

The Court also does not take lightly Ms. McFadden's alleged health conditions. But, as detailed in the Court's January 6, 2021 Memorandum, Ms. McFadden's conditions do not represent extraordinary and compelling circumstances that would justify a reduction in her sentence. Furthermore, as Ms. McFadden notes in her reconsideration motion, her medical conditions are being "regularly treated with various medications." Ms. McFadden now asserts that her BMI has increased in the time since the Court denied her compassionate release motion. The Government argues that Ms. McFadden's BMI fluctuates, and a loss of one or two pounds would remove her from the obese category (a BMI greater than 30 but less than 40), a condition which the CDC states "can make you more likely to get severely ill from COVID-19."[5]  However, even if Ms. McFadden's BMI is slightly above 30, mild obesity is not an extraordinary circumstance that warrants early release.[6]

Ms. McFadden is now fully vaccinated, having received two doses of the Moderna COVID-19 vaccine, which substantially reduces risks related to the virus.[7]  Her conditions are also

---

[3]     *Id.* FCI Danbury has completed 930 COVID-19 tests for inmates, of which 206 returned positive results. *Id.*

[4]     *Id.*

[5]     *People with Certain Medical Conditions*, Centers for Disease Control and Prevention (May 13, 2021), available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 6, 2021).

[6]     *See United States v. Whiteman*, 2020 WL 4284619, at *1 (E.D. Pa. July 27, 2020) (finding that 42-year-old defendant's mild obesity and hypertension did not establish extraordinary circumstances).

[7]     The Court takes notice that the Moderna vaccine received emergency-use authorization from the FDA based on its finding that the vaccine was over 94% effective in clinical trials in preventing infection. Modern COVID-19 Vaccine, FDA Decision Memorandum (Dec. 18, 2020), available at https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/moderna-covid-19-vaccine (last visited July 6, 2021).

4

being appropriately treated with medication. This stands in stark contrast to Ms. McFadden's contention in her motion for reconsideration that she is unable to provide "self-care" at FCI Danbury. *See United States v. Reed*, No. 18-CR-0078, 2021 WL 2681498, at \*4 (E.D. Pa. June 30, 2021) (denying motion for compassionate release where defendant "exercised the appropriate 'self care' against COVID-19 by receiving a vaccination" and was "no longer at a high risk of an adverse outcome from COVID-19").

Even if Ms. McFadden had demonstrated extraordinary and compelling circumstances based on her personal conditions, the Court still finds that early release is not warranted in light of the 18 U.S.C. § 3553(a) factors. When considering a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a term of imprisonment if it finds that (1) "extraordinary and compelling reasons" warrant the sentence reduction, (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) consideration of the ordinary sentencing factors under 18 U.S.C. § 3553(a) favors reduction. A court considers multiple factors under 18 U.S.C. § 3553(a), including but not limited to "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant."

The Court's consideration of the § 3553(a) factors necessitates a denial of Ms. McFadden's motion. She has failed to show how releasing her at this point would align with the statutory sentencing factors, notably the seriousness of her offense, the need to promote respect for the law, the need to provide just punishment for the offense, and the need to deter others from similar

criminality. *See* 18 U.S.C. § 3553(a). Indeed, she has not presented any new information that would alter the Court's prior analysis.

Ms. McFadden participated in a significant drug trafficking operation and had previously served time for other federal drug offenses. As it did in its earlier memorandum, the Court commends Ms. McFadden for what she describes as her efforts to "correct the behavior that led to her incarceration," and encourages her to continue those efforts. However, at this time, she still presents a danger to the community. Ms. McFadden took part in a criminal conspiracy to distribute cocaine and marijuana and to launder money. These are serious crimes. An early release simply would not provide a just punishment or serve as a deterrent to others. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (finding district court reasonably concluded that early release was not justified where defendant committed "extraordinarily serious" crimes that required a "significant period of incarceration").

Ms. McFadden has not yet served the bulk of her sentence. Accounting for good conduct time, she has served approximately 75 months, or just under 40%, of her 188-month sentence. An early release would be contrary to the § 3553(a) factors. *See, e.g., United States v. Shulick*, No. 16-cr-428, 2020 WL 3250584, at *5 (E.D. Pa. June 16, 2020).

Nothing in Ms. McFadden's motion for reconsideration has convinced the Court of a need to correct a clear error of law or fact or to prevent a manifest injustice. As the Court stated in its earlier memorandum and further emphasizes here, Ms. McFadden does not currently present an extraordinary or compelling reason to justify release. And, given the fact that Ms. McFadden has now been fully vaccinated, any possible adverse risk related to COVID-19 is substantially diminished. Furthermore, an analysis of the § 3553(a) factors shows that Ms. McFadden's early release would not meet the statutory sentencing factors.

6

## CONCLUSION

For the foregoing reasons, the Court denies Ms. McFadden's motion for reconsideration of the denial of her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). An appropriate order follows.

**BY THE COURT:**

**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**