## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **TEDKIEYA MCFADDEN** | : | **No. 15-376-04** |
| | : | |

## <u>MEMORANDUM</u>

PRATTER, J.                                                                                    APRIL 28, 2023

Tedkieya McFadden seeks compassionate release from imprisonment pursuant to 18

U.S.C. § 3582(c)(l)(A)(i); alternatively, she requests a judicial recommendation to the Attorney

General and the Bureau of Prisons ("BOP") to transfer her to home confinement under 18 U.S.C.

§ 3624(c)(2); 34 U.S.C. § 60541(g).  But Ms. McFadden's concerns about the BOP's COVID-19

mitigation efforts do not constitute an extraordinary and compelling reason for release, nor do they

warrant a judicial recommendation that she be transferred to home confinement.  Therefore, the

Court denies both requests.

### BACKGROUND

### I.     Ms. McFadden's Criminal Conduct

Ms. McFadden assisted in the operation of a large-scale drug trafficking organization that

operated from 2009 to 2015 to transport and sell large quantities of cocaine and marijuana in

Philadelphia.  She was charged in a superseding indictment with conspiracy to distribute cocaine

and marijuana in violation of 21 U.S.C. § 846; distribution of marijuana and aiding and abetting

the same in violation of 21 U.S.C. §§ 846, 841(a), (b)(1)(D), 18 U.S.C. § 2; possession with intent

to distribute cocaine in and aiding and abetting the same in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(B), 18 U.S.C. § 2; and conspiracy to commit money laundering in violation of 18 U.S.C. §

1956(h).  Ms. McFadden plead guilty to the above counts and was sentenced to 188 months incarceration.  She is currently serving her sentence at Aliceville FCI in Alabama.

## II.    The Bureau of Prisons' Response to the COVID-19 Pandemic

The BOP has taken many measures to "mitigate the spread of COVID-19 in [its] facilities" and to protect the health of inmates. *BOP Modified Operations*, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited April 28, 2023). The BOP permits almost no outside visitors, limits inmate movement within the prison, requires inmates and staff to wear masks, and screens all staff daily for symptoms. If an inmate tests positive, the BOP immediately quarantines that inmate and tests and quarantines all contacts. The BOP has also put thousands of eligible prisoners—the elderly, the terminally ill, and those who have almost finished their sentences—in home confinement. 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g); Pub. L. No. 116-136 § 12003(b)(2).

The BOP has offered vaccines to its staff members and inmates. So far, over 250 inmates at Aliceville FCI have recovered from COVID-19, and none have died. *COVID-19 Cases*, https://www.bop.gov/coronavirus/covid19_statistics.html (last visited April 28, 2023). Aliceville FCI currently has one COVID-positive inmate and no COVID-positive staff. *Id.*

### LEGAL STANDARD

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007).  But a court can reduce a sentence for "extraordinary and compelling reasons," including a prisoner's medical condition. 18 U.S.C. § 3582(c)(1)(A)(i).  For a non-terminal illness, the court must find that the prisoner has "a serious physical or medical condition . . . from which

he . . . is not expected to recover" "that substantially diminishes [his] ability" to care for himself in prison. U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).[1]

DISCUSSION

## I.   Compassionate Release

Ms. McFadden asserts as a basis for compassionate release that the COVID-19 mitigation procedures employed by the BOP, including quarantining and isolating inmates, are analogous to imposing solitary confinement on her and other inmates.   But even "harsh conditions of confinement created by the coronavirus pandemic" do not constitute an extraordinary and compelling reason for compassionate release where those conditions "apply to all inmates." *United States v. Hernandez*, No. 13-cr-200, 2022 WL 910091, at *6 (E.D. Pa. Mar. 29, 2022); *see also United States v. Everett*, No. 12-cr-162, 2021 WL 322182, at *2-*3 (W.D. Pa. Feb. 1, 2021) (COVID-19 mitigation conditions did not warrant compassionate release where "[e]very prisoner in the facility and other BOP facilities is subject to [ ] similar conditions").   Because Ms. McFadden has not identified anything about the BOP's conditions that is particular to herself, they do not present an extraordinary and compelling reason for her release.[2]

## II.   Home Confinement Recommendation

Ms. McFadden also requests that the Court make a judicial "recommendation" to the Attorney General and the BOP that she be transferred to home confinement under 18 U.S.C. §

---

[1] On its face, U.S.S.G. § 1B1.13 governs a "motion of the Director of the Bureau of Prisons" for compassionate release.  Thus, this "policy statement is not binding on prisoner-initiated motions." *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021).  Still, it is highly persuasive authority that "sheds light on the meaning of extraordinary and compelling reasons." *Id.*

[2] To the extent that Ms. McFadden argues that the BOP's mitigation efforts are so severe as to increase her punishment beyond that contemplated by the sentencing court, *see United States v. Mcrae*, 17-cr-643, 2021 WL 142277, at *5 (S.D.N.Y. Jan. 15, 2021) (expressing the view that "a day spent in prison under extreme lockdown . . . exacts a price on a prisoner beyond that imposed by an ordinary day in prison), a motion for compassionate release is not the proper avenue.  Challenges to the duration or execution of a sentence are appropriately challenged via a petition for a writ of habeas corpus under 28 U.S.C. § 2241.

3

3621. As that statute makes clear, the "designation of a place of imprisonment," including transfer to home confinement, is at the sole discretion of the BOP, and "is not reviewable by any court." 18 U.S.C. § 3621(b); *see also, e.g., United States v. Aguibi*, 858 F. App'x 485, 486 n.2 (3d Cir. 2021). Nonetheless, the Court has authority to issue a non-binding recommendation to the BOP. *See* 18 U.S.C. § 3621(b)(4)(B) (stating that the BOP may consider "any statement" by the sentencing court "recommending a type of penal or correctional facility"); *United States v. Kraynak*, No. 17-cr-188, 2021 WL 65990, at *2-*3 (M.D. Pa. Jan. 7, 2021).

A recommendation to the BOP, while non-binding, carries persuasive weight. Indeed, "the BOP routinely relies on judicial recommendations that express the district judge's determination of how a defendant should serve his time." *United States v. Doshi*, No. 13-cr-20349, 2020 WL 1527186, at *1 (E.D. Mich. Mar. 31, 2020). Courts must therefore be circumspect when deciding whether to "intrude upon matters committed to the discretion of the [BOP]." *United States v. Harper*, No. 19-cr-190-7, 2021 WL 5239970, at *2 (W.D. Pa. Nov. 9, 2021). In evaluating a request for a judicial recommendation, courts consider both the facts of the defendant's underlying conviction,[3] and the reasons proffered by the defendant for the requested change to their confinement.[4]

The Court previously assessed Ms. McFadden's personal characteristics and criminal history at sentencing, and she has offered no evidence to suggest that the Court should view those factors any differently now. And as discussed above, the BOP's mitigation efforts, applicable to

---

[3] Though not binding, the various sentencing factors set forth under 18 U.S.C. § 3553(a) may be relevant to this determination. *See, e.g., United States v. Duford*, 471 F. Supp.3d 458, 463-64 (D.NH. 2020) (assessing the defendant's criminal history, danger posed to the community, and personal characteristics both before and during her sentence).

[4] The standard for issuing a judicial recommendation is necessarily lower than the "extraordinary and compelling reason" required for compassionate release. Nonetheless, a court may consider similar concerns, such as health conditions, when deciding whether to issue a recommendation, even if these conditions would be insufficient to grant compassionate release. *See, e.g., Duford*, 471 F.Supp.3d at 464.

all inmates, does not constitute a basis for this court to issue a recommendation to the BOP that she be transferred to home confinement.  The Court therefore denies this motion.

CONCLUSION

For the foregoing reasons, the Court denies Ms. McFadden's motion for compassionate release and her request for a judicial recommendation that she be transferred to home confinement. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE